UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ADRIA M. SOUTHARD, <br> *Plaintiff* <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; <br> *Defendant* | § <br> § <br> § <br> § No. A-21-CV-00691-DH <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

This is an appeal of a final decision of the Commissioner of the Social Security Administration denying an application for disability benefits. Before the Court are Plaintiff's Opening Brief, Dkt. 16; Brief in Support of the Commissioner's Decision, Dkt. 17; and Plaintiff's Reply, Dkt. 18; as well as the administrative record, cited as "Tr."

**I.  GENERAL BACKGROUND**

Plaintiff Adria Southard filed a claim for Title II and Title XVI disability benefits on March 31, 2016, alleging disability beginning on February 1, 2014. Tr. 479-94, 635, 708. She alleges severe impairments including multiple sclerosis with weakness, fatigue and incontinence, abdominal hernia, degenerative disc disease of the cervical spine, obesity, depression, and anxiety. *Id.* Her alleged onset date was subsequently amended to January 1, 2015. Tr. 134. Southard is 43 years-old and

1

has a high school education; as of her amended alleged onset date, she was 37 which qualifies as a "younger individual." Tr. 479.

Southard's claims were denied initially and upon reconsideration. She requested a hearing before an Administrative Law Judge. ALJ Sung Park held the first hearing and administered an Unfavorable Decision on June 22, 2018. Tr. 268-91. In an Order dated December 11, 2019, the Appeals Council remanded back to the ALJ, after Southard raised a challenge under the Appointments Clause of the United States Constitution to the manner in which ALJ Park was appointed. Tr. 292-96.

A second hearing was held by telephone on May 13, 2020, presided over by ALJ Peri Collins, who issued an Unfavorable Decision dated January 5, 2021. Tr. 8-34. At step 2 of the sequential evaluation mandated by 20 C.F.R. § 404.1520, the ALJ found that Southard has "severe impairments" of obesity, multiple sclerosis, hernia, depression, and anxiety. Tr. 14. At step 3, the ALJ found that none of Southard's impairments, singly or in combination, met or medically equaled any of the Agency's listed impairments. Tr. 15.

The ALJ then determined Southard's residual functional capacity, finding Southard able to perform a reduced range of light exertional work, but with additional exertional limitations: that Southard can lift/carry 10 pounds; can stand/walk 2 hours in an 8-hour workday; can sit 6 hours in an 8-hour workday; can occasionally climb ramps/stairs, but can never climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, crawl, kneel, or balance; should avoid working near

hazards including unprotected heights, open flames, and moving machinery; cannot drive as a job duty; should avoid temperature or weather extremes; can have occasional interactions with coworkers, supervisors, or the public; and can do simple, repetitive tasks. Tr. 17.

Based on this RFC, the ALJ found at step 4 that Southard could not perform her past relevant work. Tr. 24. At step 5 the ALJ found there are other jobs that a person so impaired can perform, including Addresser (DOT 209.587-010); Document Preparer (DOT 249.587-018); and Surveillance System Monitor, (DOT 379.367-010). Tr. 25. The ALJ denied benefits on this basis. *Id.*

Southard requested review by the Appeals Council, which was denied by Notice dated June 11, 2021. Tr. 1-3. Having exhausted all administrative remedies, Southard now seeks judicial review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden ... shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

Congress has limited judicial review of the Commissioner's final decision under the Social Security Act to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v.*

*Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *Selders*, 914 F.2d at 617 ("If the ... findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g). A finding of no substantial evidence will only be made where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

### III. ANALYSIS

Southard makes the following arguments on appeal: (1) the ALJ erred in the evaluation of her longtime treating source, Francisco Gonzalez-Scarano, M.D., pursuant to the requirements of 20 C.F.R. § 404.1527 and Fifth Circuit precedent; (2) the ALJ erred in failing to address her incontinence as a medically determinable impairment, including failing to address the severity of this impairment and failing to craft RFC limitations that accounted for all of her limitations that were

5

supported by the record; and (3) the appointment of Andrew Saul as Commissioner of the Social Security Administration, removable only for cause, violates the constitutional separation of powers, rendering the decision by the ALJ constitutionally defective. Dkt. 16, at 9.

The Commissioner argues that: (1) Southard's separation of powers argument does not entitle her to a rehearing; (2) the administrative law judge properly addressed the medical opinion evidence in accord with the relevant regulations when she assessed Southard's residual functional capacity; and (3) the evidence as a whole provides substantial support for her assessment. Additionally, the Commissioner argues that Southard's claim that the ALJ improperly rejected her treating physician's opinion fails because: (1) the ALJ did not reject the doctor's opinion, but instead gave it little weight; (2) the ALJ gave specific, valid reasons for discounting the opinion; and (3) the ALJ found the State agency medical consultants' (SAMCs) opinions regarding Plaintiff's RFC were entitled to some weight. Tr. 17, at 1-2.

The undersigned addresses only the issue of whether the ALJ properly addressed the medical evidence in determining Southard's RFC, as it is determinative of the case. Southard argues that the ALJ erred in determining her RFC, when she gave "little weight" to the opinion of Southard's treating physician, neurologist Dr. Francisco Gonzalez-Scarano. Southard asserts that the ALJ was required to consider each of the § 404.1527(d) factors in assessing Gonzalez-Scarano's opinion and did not, citing *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir.

2000), and *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017). The Commissioner argues that the ALJ was not required to consider the *Newton* factors as long as she did not completely reject the doctor's opinion.

In *Newton*, the Fifth Circuit held that an ALJ must afford controlling weight to a treating physician's opinion unless good cause supports assigning the opinion less weight, little weight, or even no weight. 209 F.3d at 455; *Alam v. Saul*, No. H-19-2840, 2020 WL 5232900, at *14 (S.D. Tex. Sep. 2, 2020) (citing *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001)); *see also* 20 C.F.R. § 404.1527(d)(2). Good cause to assign less than controlling weight to a treating physician's opinion exists where the opinion is "conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton,* 209 F.3d at 456. The ALJ must assess the appropriate weight to assign the opinion based on the factors provided in 20 C.F.R. § 404.1527(c). *Alam*, 2020 WL 5232900, at *14. These factors are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and the extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; (6) and the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2).

*Newton* explains further that an ALJ need not consider the § 404.1527(c) factors where there is "competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another" or

when "the ALJ weighs a treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." 209 F.3d at 458 (citations omitted). Indeed, the Fifth Circuit has clarified "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, the ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's view under the criteria set forth in 20 C.F.R. § [404.1527(c)(2)]." *Newton*, 209 F.3d at 453.

In this case, the ALJ found good cause to assign less than controlling weight to Dr. Gonzalez-Scarano's opinions regarding Southard's limitations but failed to discuss the § 404.1527(c) factors. As was the case in *Newton*, "[t]his is not a case where there is competing first-hand medical evidence and the ALJ [found] as a factual matter that one doctor's opinion is more well-founded than another." *Id.* at 458.[1] Instead, the ALJ determined that Dr. Gonzalez-Scarano's opinions were not supported by objective medical evidence but instead were based upon Southard's own reports of her symptoms to the doctor. However, Dr. Gonzalez-Scarano is a

---

[1] An ALJ may not disregard a treating physician's opinion and sidestep the *Newton* analysis based solely on a non-examining SAMC's opinion. 20 C.F.R. § 404.1527(a)(2) ("Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."); *Anderson v. Commissioner*, No. 5:20-CV-00040-RWS-CMC, 2021 WL 4397956, at *4 (E.D. Tex. Sept. 27, 2021).

neurologist who not only examined Southard several times, including hospitalizing her, but cited to MRI findings on tests he had ordered "consistent with MS with extensive white matter abnormality" in assessing Southard's limitations. Tr. 1169. Thus, Dr. Gonzalez-Scarano's determinations of Southard's limitations were in fact, at least in part, based upon objective medical findings regarding the nature of her MS. Moreover, the ALJ did not base her evaluation of Dr. Gonzalez-Scarano's opinions based on the competing examination by another medical professional. The ALJ was required to discuss the § 404.1527(c) factors to demonstrate good cause for assigning "little" weight to Dr. Gonzalez-Scarono's assessment of Southard's limitations and did not. The ALJ committed legal error, and this case should be remanded.[2]

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further consideration.

**SIGNED** on April 27, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that the "treating physician rule" does not apply to claims filed after March 27, 2017. Ms. Southard's claim was filed on March 31, 2016.